**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CLAUDIA MORALES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-1305-RWS |
| CHASE HOME FINANCE, LLC; | : | |
| JPMORGAN CHASE BANK, | : | |
| N.A.; JOHNSON & FREEDMAN, | : | |
| LLC; MERS; PROMMIS | : | |
| SOLUTIONS, LLC; and DOES 1 | | |
| through 50 inclusive, | | |
| | | |
| Defendants. | | |

## ORDER

This case comes before the Court on Defendants' Motion to Dismiss

Plaintiff's Complaint [7].  After a review of the record, the Court enters the

following Order.

### Background

Plaintiff initiated this *pro se* civil action on November 24, 2010 in the

Superior Court of Gwinnett County, alleging various causes of action arising

out of the foreclosure of her mortgage.  Defendants timely removed the case to

this Court on April 21, 2011.  On July 27, 2011, Defendants moved to dismiss the Complaint on grounds that it is an impermissible shotgun pleading that fails to comply with the pleading requirements of Rules 8 and 9(b) of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6).  Plaintiff did not file a response, and thus Defendants' motion is deemed unopposed.

Plaintiff's Complaint [1-2] alleges several statutory violations, but none of the code sections in the Complaint correspond with the Official Code of Georgia.  The Court agrees with Defendants that Plaintiff appears to allege violations of California statutes, with "Georgia" inserted for "California" in the citation.  Plaintiff references code sections that correspond with California's Civil Code, Commercial Code, Penal Code, Evidence Code, and Business and Professions Code; additionally, each case the Plaintiff cites as interpreting the various statutes is a California case.  Compl., Dkt. [1-2] ¶¶ 23, 25-32, 40-45, 56, 58-113, 124-35, 178-83.

In an abundance of caution, however, and in light of Plaintiff's *pro se* status, the Court will consider the merits of the Complaint to the extent that it can be read to allege violations of Georgia law.  Although the Complaint is difficult to decipher, it appears–as Defendants surmise–that Plaintiff alleges the

2

following: (1) that Defendants committed fraud; (2) that Defendants lack an interest in Plaintiff's property; (3) that Defendants wrongfully foreclosed on Plaintiff's property; (4) that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"); and (5) that Defendants engaged in unfair business practices in violation of the Georgia Fair Business Practices Act ("GFBPA"). Because Plaintiff does not oppose the motion to dismiss, which identifies the above as the only claims raised in the Complaint, the Court proceeds on the basis that the claims listed above are indeed the only claims asserted in the Complaint.

## Discussion

### I.    Shotgun Pleading

Defendants argue that the Complaint constitutes an impermissible shotgun pleading that fails to comply with the pleading requirements of the Federal Rules of Civil Procedure and fails to state a claim upon which relief can be granted.  The typical shotgun pleading is one that  "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."  Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).  The term

also refers to pleadings that are "replete with factual allegations and rambling legal conclusions." Osahar v. U.S. Postal Service, 297 Fed. App'x 863, 864 (11th Cir. 2008).  The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010).  Indeed, shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." Id. (citation omitted).  The Eleventh Circuit thus has established that shotgun pleading is an unacceptable form of establishing a claim for relief.  Strategic Income Fund, 305 F.3d at 1296.

In this case, the Court agrees with Defendants that the 190-paragraph Complaint is a shotgun pleading that could be dismissed for failing to meet the pleading requirements of Rules 8(a)[1] and 9(b)[2] of the Federal Rules of Civil Procedure.  Because Plaintiff has not sufficiently alleged which facts, if any, support its various claims for relief, and alleges instead primarily legal

---

[1] Rule 8(a) states, "A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief."

[2] Rule 9(b) states, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

conclusions, it is difficult for Defendants meaningfully to respond to Plaintiff's assertions.  Generally, the appropriate response to a shotgun complaint is to dismiss it and allow the plaintiff an opportunity to amend to provide greater specificity.  Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).  In light of Plaintiff's *pro se* status, however, the Court will consider the merits of the Complaint rather than dismiss it and require Plaintiff to replead.

## II.     Motion to Dismiss

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint."  Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).  Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v. Iqbal, 556 U.S 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint

AO 72A
(Rev.8/82)

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556.  The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Additionally, because Plaintiff is acting *pro se*, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 Fed. Appx. 635, 637 (11th Cir. 2010).  The Court considers, in turn, each of the claims raised in the Complaint.

A.   **Fraud**

In support of her fraud claim, Plaintiff alleges that "representatives, agents and/or employees of Defendants and each of them made false representations to Plaintiff in order to fund a loan." Compl., Dkt. [1-2] ¶¶ 145-46. Plaintiff further alleges, without additional facts, that "Defendants, and each of them, represented to Plaintiff that Defendants, and each of them, were working for the benefit of Plaintiff and in their particular best interest to obtain for him the best loan and at the best rates available." Id. at 35.

To comply with the Rule 9(b) requirement that fraud be pled "with particularity," Plaintiff must allege: "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled plaintiff, and (4) what the defendants obtained as a consequence of the fraud." U.S. ex rel. Clausen  v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1310 (11th Cir. 2002). That is, to avoid dismissal, a complaint alleging fraud must plead the "who, what, when, where and how" of the alleged fraud. Mathis v. Velsicol Chemical Corp., 786 F. Supp. 971, 976-77 (N.D. Ga. 1991).

AO 72A
(Rev.8/82)

In this case, the Court agrees with Defendants that Plaintiff has failed to satisfy the pleading requirements of Rule 9(b).  Plaintiff has not alleged sufficient facts establishing the "who, what, when, where and how" of Defendants' alleged fraud but relies primarily on legal conclusions. Accordingly, any and all claims for fraud are hereby **DISMISSED** for failure to comply with Rule 9(b).

### B.      Lack of Interest in the Property

Plaintiff alleges that Defendants lack an interest in the property and asserts that "Defendants should be required to provide the original note with the appropriate endorsements thereon to Plaintiff or this Honorable Court so that it may determine under Georgia law, who owns the right to receive payments and exercises the rights relating to said ownership."  Compl., Dkt. [1-2] ¶¶ 121-23.

Plaintiff's "produce the note" theory, however, is not available under Georgia law, as Georgia law does not require a lender to produce the original note, even when the lender is taking affirmative action such as commencing foreclosure proceedings.  See, e.g., Watkins v. Beneficial, HSBC Mortg., No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *4 (N.D. Ga. Sep. 2, 2010) (noting that Georgia law does not require the "lender commencing foreclosure proceedings to produce the original note."); Hill v. Saxon Mortg. Servs., Inc.,

No. 1:09-CV-1078, 2009 WL 2386057, at *1 (N.D. Ga. May 14, 2009) (rejecting plaintiff's demand that lender produce original promissory note). Accordingly, any and all claims arising out of Defendants' alleged failure to produce the original promissory note hereby are **DISMISSED** pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### C.   **Wrongful Foreclosure**

Plaintiff alleges that Defendants wrongfully foreclosed on her Property by "fail[ing] to record the assignment [of the Deed] prior to commencing the foreclosure" and by failing to perform other acts allegedly required under *California* law.  Compl., Dkt. [1-2] ¶¶ 177-90.  "In Georgia, a plaintiff asserting a claim for wrongful foreclosure must establish a legal duty owed to plaintiff by the foreclosing party, a breach of that duty, a causal connection between the breach and the injury sustained, and damages."  Kabir v. Statebridge Co., 1:11-CV-2747-WSD, 2011 WL 4500050, at *3 (N.D. Ga. Sept. 27, 2011) (citing All Fleet Refinishing, Inc. v. West Georgia Nat. Bank,, 634 S.E.2d 802, 807 (Ga. Ct. App. 2006)).  It should go without saying that to state a claim for wrongful foreclosure under Georgia law, the plaintiff must allege that the defendant breached a duty that is cognizable under Georgia law.  See McCarter v. Bankers Trust Co., 543 S.E.2d 755, 758 (Ga. Ct. App. 2000) ("[A] violation of the

AO 72A
(Rev.8/82)

[Georgia foreclosure] statute is necessary to constitute a wrongful foreclosure.").

In the present case, the Court agrees with Defendants that Plaintiff has failed to plead the requisite elements of a wrongful foreclosure claim.  Plaintiff supports her allegations of wrongful foreclosure with citations to California statutes, but "[n]on-judicial foreclosures in Georgia are governed by O.C.G.A. § 44-14-162, et seq."  <u>Hennington v. Greenpoint Mortg. Funding, Inc.</u>, Nos. 1:09-CV-00676-RWS, 1:09-CV-00962-RWS, 2009 WL 1372961, *4 (N.D. Ga. May 15, 2009).  Plaintiff has not alleged that Defendants breached any duty arising under the aforementioned Georgia foreclosure statute, nor the additional elements of causation and damages.  Accordingly, any and all claims of wrongful foreclosure are hereby **DISMISSED** pursuant to 12(b)(6) for failure to state a claim upon which relief can be granted.

D.    **<u>FDCPA</u>**

Plaintiff alleges that Defendants are "debt collectors" collecting a "consumer debt" as defined in the Rosenthal Act, Cal. Civ. Code § 1788.2(c). Compl., Dkt. [1-2] ¶¶ 43-44.  The Rosenthal Act is a California statute adopting the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq., and is not actionable in Georgia.

10

To the extent that Plaintiff intends to assert a violation of the FDCPA itself, the Court agrees with Defendants that Plaintiff has failed to plead any facts in support of this claim. Furthermore, such claim must fail as a matter of law because the term "debt collector" does not include mortgage originators or servicers, but persons "in any business the principal purpose of which is the collection of any debts . . . owed or due or asserted to be owed or due another." Id. § 1692a(6); see also Hennington v. Greenpoint Mortg. Funding, Inc., Nos. 1:09-CV-00676-RWS, 1:09-CV-00962-RWS, 2009 WL 1372961, *6 (N.D. Ga. May 15, 2009) (holding that defendants "were not debt collectors because they were attempting to collect their own debt").  Thus, any and all claims of violations of the FDCPA are hereby **DISMISSED** pursuant to 12(b)(6) for failure to state a claim upon which relief can be granted.

E.     **Unfair Business Practices**

Plaintiff alleges that the Defendants "committed acts of unfair competition" and engaged in policies and practices that "constitute and [*sic*] unlawful business act of practice."  Compl., Dkt. [1-2] ¶¶ 102-04.  To the extent that Plaintiff intends to assert a violation of the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. §§ 10-1-390 et seq., such claim must fail as a matter of law because "the GFBPA does not apply to residential mortgage

11

transactions." Zinn v. GMAC Mortg., 1:05 CV 01747 MHS, 2006 WL 418437, at *4 (N.D. Ga. Feb. 21, 2006); see also Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1336 (N.D. Ga. 2000) (the GFBPA does not apply in extensively regulated areas of the marketplace such as finance charges and required disclosures by lenders); Chancellor v. Gateway Lincoln Mercury, Inc., 233 Ga. App. 38, 45 (1998) (the "Georgia Assembly intended that the [GFBPA] have a restricted application only to the unregulated consumer marketplace and that [the GFBPA] not apply in regulated areas of activity").  Therefore, any and all claims asserting violations of the GFBPA are hereby **DISMISSED** pursuant to 12(b)(6) for failure to state a claim upon which relief can be granted.

### Conclusion

Based on the foregoing, Defendants' Motion to Dismiss Plaintiff's Complaint [7] is hereby **GRANTED**.  The Complaint is accordingly **DISMISSED with prejudice** in its entirety as to Defendants Chase Home Finance, LLC; JP Morgan Chase Bank, N.A.; Johnson & Freedman, LLC; MERS; Prommis Solutions, LLC; and Does 1 through 50.  The Clerk is directed to close the case.

AO 72A
(Rev.8/82)

SO ORDERED, this  12th  day of January, 2012.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)